**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | Criminal No. 91-612-2 |
| **DOMENICK WILLIAMS,** | Civil No. 05-617 |
| Defendant. | |

## REPORT AND RECOMMENDATION[1]

This matter was referred to the undersigned for a Report and Recommendation on

Defendant Domenick Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

Sentence By a Person in Federal Custody [120][2] and the Government's Motion to Transfer [124].

Having considered the submissions of the parties, the undersigned recommends that the District

Court grant the government's Motion and transfer Defendant's petition under § 2255 to the

United States Court of Appeals for the District of Columbia Circuit.

## I.     FACTUAL AND PROCEDURAL HISTORY

On November 19, 1991, Defendant pled guilty to Conspiracy to Distribute 50 Grams or

More of Cocaine Base, a violation of 21 U.S.C. §§ 841(A)(1) and (b)(1)(A)(iii), and was

subsequently sentenced to 292 months of incarceration and a five years of supervised release.

---

[1] Both the civil and criminal cases in this matter were assigned to the undersigned Magistrate Judge on October 26, 2007.  Because it is unclear whether a Magistrate Judge has jurisdiction to rule on a § 2255 petition, the cases were re-assigned to United States District Judge Thomas F. Hogan and then referred to the undersigned for a Report and Recommendation.

[2] All document numbers refer to the criminal case docket.

1

(Gov't Mot. [124] at 2.)  On November 1, 1993, Defendant filed a *pro se* Motion to Correct

Illegal Sentence under Federal Rule of Criminal Procedure 35, arguing that the probation

department used incorrect information to assign his career offender status.  (*Id*.)  The government

conceded to Defendant's Motion and Defendant's sentence was reduced on March 10, 1994 to

210 months of incarceration and five years of supervised release.  (*Id*.)

On February 28, 1995, Defendant filed a *pro se* Motion for Relief pursuant to 28 U.S.C. §

2255 [66].  Defendant raised three grounds for collaterally attacking his sentence: first, that his

offense level computation was incorrect; second, that his attorney was ineffective for failing to

object to the Presentence Investigation Report; and third, that he should be sentenced under the

rule of lenity.  (Gov't Mot. at 2-3.)  The government filed its opposition and on April 25, 1995

United States District Judge John Pratt issued a Memorandum and Order denying Defendant's

Motion.  (*Id*. at 3; [124-3].)  Defendant, with the assistance of counsel, appealed Judge Pratt's

decision and on November 25, 1997 the United States Court of Appeals for the District of

Columbia Circuit vacated Defendant's sentence and remanded to the District Court for re-

sentencing.  (*Id*. at 3)

On December 17, 1998, Defendant was re-sentenced to 120 months of incarceration and

five years of supervised release.  (*Id*.)  Defendant's supervised release commenced on June 14,

2001 and was subsequently revoked on July 28, 2004 after Defendant was charged with

possession of cocaine.  (*Id*.)  The Court sentenced Defendant to one year of incarceration and five

years of supervised release. (*Id*.)  Defendant was released on July 12, 2005 and his term of

supervised release expired on July 11, 2007.  (Mem. from Probation Office [130].)

On March 21, 2005, while incarcerated following the revocation of his supervised release,

Defendant filed the instant § 2255 petition. (*Id*. at 4.)  Defendant raises two grounds for

collaterally attacking his sentence: first, that his attorney was ineffective for failing to file a

notice of appeal; and second, that Judge Pratt failed to inform him of the "nature and significance

of supervised release."  (Def.'s Mot. [120] at 8, 12.)  In response to Defendant's petition, the

government filed a Motion to Transfer Defendant's Petition to the Court of Appeals, arguing that

the District Court does not have jurisdiction to entertain a successive § 2255 petition in the

absence of a certification from the D.C. Circuit.  (Gov't Mot. at 4.)  Defendant filed a Reply

Motion on July 6, 2005 [128].


II.   <u>ANALYSIS</u>

Section 2255 allows a defendant to "move the court which imposed [his] sentence to

vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack."  28 U.S.C. § 2255.  A District Court is without

jurisdiction to entertain a defendant's "second or successive" motion under § 2255 unless the

appropriate court of appeals issues a certification authorizing the filing of such motion.  *United

States v. Akers*, ___ F.Supp.2d ___, Cr. No. 97-0072-01(TFH), 2007 WL 3275130, at *1 (D.D.C.

Nov. 6, 2007).  *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application.").  If a

District Court lacks jurisdiction because a defendant's § 2255 petition is deemed successive, the

Court may, pursuant to 28 U.S.C. § 1631, transfer the action to the Court of Appeals so that the appropriate certification may issue.  *Akers*, 2007 WL 3275130, at *2.

Because Defendant filed a motion pursuant to § 2255 in 1995, Defendant's instant motion constitutes a successive § 2255 motion.  *See Akers*, 2007 WL 3275130, at *2 (considering defendant's § 2255 petition successive when defendant had filed a prior § 2255 petition that had been unsuccessful).  Because the Court of Appeals has not issued an order under § 2244 authorizing Defendant to file the instant petition, the District Court in this case is without jurisdiction to entertain it.  Accordingly, the undersigned recommends that the District Court grant the government's motion and, pursuant to § 1631, transfer Defendant's petition to the Court of Appeals for authorization under § 2244.

## III.    REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under the provisions of Local Rule 72.3 (b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections.  The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  If this Report and Recommendation is served on the parties by mail, calculation of the time period for filing written objections is as follows: 10 business days

(excluding weekends and holidays) plus three calendar days (including weekends and holidays).

*See CNPq-Conselho Nacional De Desenvolvimento Cientifico E Technologico v. Inter-Trade, Inc.*, 50 F.3d 56, 58 (D.C. Cir. 1995) (per curium).

Dated: December __12__, 2007                    ___/s/_____
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE